# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

FOCUS GOLF SYSTEMS, INCORPORATED;
WILLIAM EMERY; ANDRE EMERY,
      *Plaintiffs-Appellants,*

v.

JOHN EMERY,
      *Defendant-Appellee.*

No. 01-1110

FOCUS GOLF SYSTEMS, INCORPORATED;
WILLIAM EMERY; ANDRE EMERY,
      *Plaintiffs-Appellees,*

v.

JOHN EMERY,
      *Defendant-Appellant.*

No. 01-1111

Appeals from the United States District Court
for the District of South Carolina, at Greenville.
William M. Catoe, Jr., Magistrate Judge.
(CA-99-2803-6-20-AK)

Argued: November 1, 2001

Decided: January 2, 2002

Before NIEMEYER, WILLIAMS, and GREGORY, Circuit Judges.

Vacated by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Steven Mark Wynkoop, Greenville, South Carolina, for Appellants. Thomas Louis Stephenson, NEXSEN, PRUET, JACOBS & POLLARD, L.L.C., Greenville, South Carolina, for Appellee. **ON BRIEF:** Elizabeth M. McMillan, Greenville, South Carolina, for Appellant Focus Golf; Beattie B. Ashmore, PRICE, PASCAL & ASHMORE, P.A., Greenville, South Carolina, for Appellants Emery. Charles W. Emory, Jr., NEXSEN, PRUET, JACOBS & POLLARD, L.L.C., Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

This appeal is the result of a business dispute between two brothers. We vacate the judgment of the district court because we lack subject matter jurisdiction.

I

John and Bill Emery co-owned and operated Focus Golf Systems, Inc. (Focus Golf), a golf equipment distributor. Both brothers were employed by Focus Golf; John Emery was the Chief Executive Officer, Bill Emery performed a variety of other functions. In 1999, Bill Emery, the majority shareholder of Focus Golf, caused the corporation to terminate the employment of John Emery. John Emery sued, claiming that Focus Golf owed him salary, a salary bonus, and rent on property he owned. Focus Golf and Bill Emery counterclaimed, asserting that John Emery had misappropriated corporate funds. The case was tried to a magistrate judge. All of the claims that were actually tried to the magistrate judge were state law claims. The complaint also contained a claim under the Racketeer Influenced and Corrupt

Organizations (RICO) Act, 18 U.S.C. § 1961 *et seq.*, JA at 15, but this claim was effectively abandoned. In fact, it appears, from the lack of mention in the record, that the RICO claim was not pursued beyond the pleading stage. The magistrate judge found that Focus Golf owed John Emery salary, salary bonus and rent, but disagreed with John Emery as to the amount of salary owed. The magistrate judge also agreed with Focus Golf as to the amount of funds contained in John's "advance account," which operated as a set-off on John's claims. Both parties have appealed.

## II

We may not reach the merits of the appeal because we lack subject matter jurisdiction. The parties assert that the Court has subject matter jurisdiction based on diversity of citizenship. It is readily apparent to us that we do not. Focus Golf, a plaintiff below, is incorporated in Michigan. John Emery, the defendant below, is a resident of Michigan. Because, under 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of its State of incorporation as well as of the State of its principal place of business, this case lacks "complete diversity." *Strawbridge v. Curtiss*, 7 U.S. 267, 267-68 (1806).\*

## III

Accordingly, we vacate the district court's judgment and remand with instructions to dismiss the case for lack of subject matter jurisdiction.

*VACATED*

---

\*The parties secondarily assert that the Court has jurisdiction because the RICO claim presented a federal question, 28 U.S.C. § 1331, and the other state law claims were appended based on supplemental jurisdiction, 28 U.S.C. § 1367. But federal question jurisdiction was not invoked below, and the RICO claim was not pursued. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 728 (1966). Accordingly, we reject § 1367 as a basis for jurisdiction.